UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE PRATER,

        Plaintiff,

                                Case No. 05-CV-72823
vs.                                HON. GEORGE CARAM STEEH

PAUL K. BROWNLEE,
TERRY JAQUISH, and MICHAEL BROWNLEE,
all d/b/a C&B AUTO SALES and
C&B FINANCIAL LEASING,

        Defendants.

_____/

<u>ORDER GRANTING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT (#7)
AND STRIKING AUGUST 16, 2005 "ANSWER" (#6)</u>

Plaintiff Michelle Prater moves for a more definitive statement as to an answer filed on August 16, 2005.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff, appearing <u>in forma pauperis</u> and represented in part by the Michigan Poverty Law Program, filed a complaint on July 19, 2005 alleging she purchased/leased a 1997 Chevy Lumina from defendants Paul Brownlee, Terry Jaquish, and Michael Brownlee, all doing business as C&B Auto Sales and C&B Financial Leasing, on February 1, 2005 using a $1,200.00 down payment.  Plaintiff alleges that, within weeks, the vehicle broke-down and the defendants agreed to make free repairs, only to later demand $925.00 to retrieve the vehicle.  Plaintiff alleges the defendants then wrongfully repossessed the car.  Plaintiff alleges liability under: the Truth In Lending Act, 15 U.S.C. §§ 1601, <u>et seq</u>.; the Consumer Leasing Act; the Vehicle Cost Savings and Information Act, 49 U.S.C. §§ 32701, <u>et seq</u>.; Michigan's Motor Vehicle Sales Finance Act, M.C.L. §§ 492.101, <u>et seq</u>.;

Michigan's Motor Vehicle Installment Sales Contract Act, M.C.L. §§ 566.301 et seq.; Michigan's Consumer Protection Act, M.C.L. § 445.903(1); Article 9 of the Uniform Commercial Code, M.C.L. §§ 440.9101, et seq.; and Michigan's Occupational Code, M.C.L. § 339.901(b) and (d). Plaintiff also alleges a state law claim of false misrepresentation.

The court's docket indicates that defendant Paul Brownlee was served on July 27, 2005, that defendant Terry Jaquish was served on July 28, 2005, and that defendant Michael Brownlee has yet to be served. On August 16, 2005, the following "answer" was filed with the court:

> ANSWER FOR:                              Case 05-72823
>
> C&B Auto Sales only supplied Ms. Prater the car and repaired the car as a verbal agreement.
>
> Ms. Prater was given a written [sic] and signed a complete Break down of "The Lease Agreement".
>
> Ms. Prate [sic] failed to complete her part of the Contract.
>
> Ms. Prater failed to pick up her car when she was notified by mail and telephone.
>
> Ms. Prater failed to make her payments as stated in her Signed agreement with C&B Financial/Leasing.
>
> C&B Financial/Leasing
> August 11, 2005

When filed, this unsigned "answer" was accompanied by a copy of an unexecuted summons addressed to defendant Paul Brownlee. On September 12, 2005, plaintiff moved for a more definite statement from all three named defendants. No response to the motion has been filed to date.

Each of the defendants is being sued in his or her individual capacity. An appearance has not been filed on behalf of the served defendants Paul Brownlee and Terry Jaquish. Every pleading filed in an action, including an answer, must be signed by the

party if the party is not represented by an attorney. Fed. R. Civ. P. 11(a). A pro se litigant may not sign pleadings for another pro se litigant, or otherwise appear as an attorney for another. Sillah v. Davis, 252 F. Supp.2d 589, 597 (W.D. Tenn. 2003). With respect to an appropriate answer, Federal Rule of Civil Procedure 8(b) provides:

> **(b) Defenses; Form of Denials.** A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8(b). Proceeding as a pro se litigant does not excuse compliance with Federal Rules 11(a) and 8(b).

> While a pro se party is entitled to have her pleadings construed liberally, she will not be relieved of the responsibility to comply with the basic rules of court. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements), Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988) (court adopts rule that no special treatment was to be afforded ordinary civil litigants who proceed pro se).

Brown v. L.E. Woodard, No. 95-5792, 1998 WL 211785, **1 (6th Cir. April 23, 1998).

The August 16, 2005 "answer" fails to comply with the most fundamental rules of court. The "answer" is not signed by any named defendant, and makes no effort to either admit, deny, or inform the court that a particular defendant is without knowledge or information sufficient to admit or deny the averments set forth in the complaint. Fed. R.

3

Civ. P. 11(a), 8(b). Assuming that the defective "answer" was filed by defendant Paul Brownlee as a pro se defendant, Paul Brownlee is without authority to represent the remaining two defendants. Accordingly,

Plaintiff's motion for a more definitive statement is hereby GRANTED to the extent that the August 16, 2005 unsigned "answer" filed in this lawsuit is hereby STRICKEN as filed in violation of the most fundamental court rules. The August 16, 2005 "answer" is of not force or effect, and plaintiff's complaint remains to be answered by the two served defendants. Each defendant is hereby forewarned that the failure to file a timely and appropriate answer in this lawsuit may result in entry of their default, and ultimately, default judgment.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 31, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk