UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE PRATER,

       Plaintiff,

vs.

       Case No. 05-CV-72823
       HON. GEORGE CARAM STEEH

PAUL K. BROWNLEE, et al.,

       Defendants.

_____/

ORDER STRIKING DEFENDANT PAUL BROWNLEE'S
DECEMBER 7, 2005 DOCUMENT (#13)

Plaintiff Michelle Prater, appearing in forma pauperis and represented by the Michigan Poverty Law program, filed a complaint on July 29, 2005 alleging state and federal claims against defendants Paul Brownlee, Terry Jaquish, and Michael Brownlee, all doing business as C&B Auto Sales and C&B Financial Leasing, relative to her lease/purchase of a 1997 Chevy Lumina on February 1, 2005.  By Order of October 31, 2005, the court struck a purported August 16, 2005 "answer" for failing to comply with the most fundamental rules of court in that the "answer" was not signed by any defendant, and made no effort to admit, deny, or inform the court that any defendant was without knowledge or sufficient information to admit or deny an averment set forth in the complaint. See Fed. R. Civ. P. 11(a), 8(b).  Defendant Paul Brownlee was also notified that he lacked authority as a pro se litigant to represent defendants Terry Jaquish and Michael Brownlee. Sillah v. Davis, 252 F. Supp.2d 589, 597 (W.D. Tenn. 2003).  The court further instructed:

> While a pro se party is entitled to have her pleadings construed liberally, she will not be relieved of the responsibility to comply with the basic rules of court. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements), Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988) (court adopts rule that no special treatment was to be afforded ordinary civil litigants who proceed pro se).

October 31, 2005 Order, at 3 (quoting Brown v. L.E. Woodard, No. 95-5792, 1998 WL 211785, **1 (6th Cir. April 23, 1998)).

On November 11, 2005, the Clerk entered the defaults of defendant Paul Brownlee and Terry Jaquish for failing to plead or otherwise defend this lawsuit. On December 7, 2005, defendant Paul Brownlee filed an untitled document which reads:

> How can they ask for a default. We have sent them Adam G. Taub [plaintiff's Counsel] every thing [sic] we have. All this paper work [sic] was sent on Nov. 3-05. We haven't had our day in court.

Document Number 13, filed December 7, 2005. Attached to this document are copies of various forms, receipts, and letters.

The answer to defendant Paul Brownlee's question is found in the November 26, 2005 Clerk's Entry of Default:

> Pursuant to Fed. R. Civ. P. 55(a), the above named defendant [Paul Brownlee] has failed to plead or otherwise defend after being served with a summons and a copy of the complaint.

Federal Rule of Civil Procedure 55(a) reads:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added). No defendant has filed an answer in compliance

with Federal Rules of Civil Procedure 8(b), 11(a), and 12(a), nor has any defendant moved to dismiss in compliance with Federal Rule of Civil Procedure 11(a) and 12(b). Defendant Paul Brownlee is not relieved of his responsibility of filing an answer or otherwise defending this lawsuit "as provided by these [Federal Rules of Civil Procedure]" simply because of his pro se status. Brown, 1998 WL 211785 at **1. Sending plaintiff's Counsel all the paperwork defendant Paul Brownlee has does not constitute pleading or otherwise defending this lawsuit as provided by the Federal Rules of Civil Procedure. Defendant Paul Brownlee's reference to "we" is misplaced as he lacks authority to represent any of the other defendants. Sillah, 252 F. Supp.2d at 597. Until defendant Paul Brownlee pleads or otherwise defends this lawsuit as provided for under the Federal Rules of Civil Procedure, his "day in court" will be limited to entry of his default, entry of a default judgment for the amount sought by plaintiff, and defending against execution of such a default judgment. Default judgment is authorized under Federal Rule of Civil Procedure 55(b).

In closing, the court forewarns defendant Paul Brownlee and defaulted defendant Terry Jaquish that, should they continue to fail to plead or otherwise defend this lawsuit as provided for under the Federal Rules of Civil Procedure, default judgment may enter against them, making them legally liable for the amount allegedly owed to plaintiff Michelle Prater. The court strongly encourages the served defendants to either seek professional legal counsel, or thoroughly familiarize themselves with the basic Federal Rules of Civil Procedure and promptly plead or otherwise defend this lawsuit as provided for under those Rules.

Defendant Paul Brownlee's document filed on December 7, 2005 is hereby

STRICKEN as a document not authorized for filing under the Federal Rules of Civil Procedure or Local Rules of the United States District Court for the Eastern District of Michigan. Defendants are forewarned that subsequent unauthorized filings will be stricken as a matter of course.

    SO ORDERED.

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated: December 12, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 12, 2005, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk